

# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **ROBYNN SAUCIER CRAWFORD,** | ) | |
| | ) | **WD86986** |
| **Appellant,** | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **DIANE PETERSON, ET AL.,** | ) | **August 27, 2024** |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Kenneth Garrett, Judge**

**Before Division Three:  Thomas N. Chapman, Presiding Judge,**
**Lisa White Hardwick, Judge, and Alok Ahuja, Judge**

Robynn Saucier Crawford appeals the decree/order of the Circuit Court of Jackson County dismissing her petition against several employees of the Jackson County Medical Examiner's Office.  Due to numerous briefing deficiencies, the appeal is dismissed.

## Background

On November 6, 2023, Crawford, acting *pro se*, filed a petition against Dr. Diane Peterson, Dr. B. Robert Peitak, Melissa Failing, Christina Hawkins, and Lauren Hoff of the Jackson County Medical Examiner's office (collectively "Defendants").  Her claims centered on the care and handling of the body of her estranged husband after his death in

December 2018.  Crawford's petition alleged six counts:  Count I – Negligence (Pietak and Peterson), Count II – Negligence (Failing, Hawkins, and Hoff), Count III – Breach of Right of Sepulcher and Burial, Count IV – Negligent Infliction of Emotional Distress, Count V – Negligent Training and Supervision, and Count VI – Correction of Official Death Certificate.

In response, Defendants filed a motion to dismiss arguing that Crawford failed to state a claim upon which relief can be granted due to (1) the three-year statute of limitations for coroner's actions and (2) official immunity.

On January 27, 2024, the trial court issued a decree/order granting Defendant's motion and dismissing Crawford's petition with prejudice based on the statute of limitations.  This appeal by Crawford followed.

On April 25, 2024, this court struck Crawford's initial appellant's brief for violations of Rule 84.04.  In the order striking the brief, the following deficiencies were specifically noted:

1.  The Statement of Facts lacks specific page references to the legal file or the transcript as required by Rule 84.04(c).

2.  The Points Relied On are not in compliance with the specific requirements of Rule 84.04(d).

3.  The Points Relied On do not include a list of cases or other authority upon which that party principally relies as required by Rule 84.04(d)(5).

4.  The point relied on is not restated at the beginning of the section of the argument discussing that point.  The argument does not include a concise statement of the applicable standard of review for each claim of error.  The argument does not include a concise statement describing whether the error

2

was preserved for appellate review and if so how it was preserved. The argument lacks specific page references to the legal file or the transcript. All as required by Rule 84.04(e).

This court granted Crawford additional time to file an amended brief to correct the violations and explained that failure to comply with Rule 84.04 may result in dismissal of a point or the entire appeal.

Crawford filed an amended brief on May 3, 2024.

**Appeal Dismissed**

Rule 84.04 plainly sets out the mandatory requirements for the contents of an appellant's brief. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022); *Summers v. Dep't of Corrections, Employer, and Div. of Emp. Sec.*, 689 S.W.3d 573, 576 (Mo. App. W.D. 2024). "Any appellant who does not comply with Rule 84.04's mandates for a point relied on fails to preserve the argument for [appellate court] review." *State v. Minor*, 648 S.W.3d 721, 727 (Mo. banc 2022).

"The appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence implicitly condones continued violations and undermines the mandatory nature of the rules." *Id.* at 728-29 (internal quotes and citation omitted). "Where a party has been warned of deficiencies in her briefing and persists in repeating the same errors, the appellate court should not act as an advocate for the party to overcome the briefing problems." *Summers*, 689 S.W.3d at 576 (citing *Lexow*, 643 S.W.3d at 509; *Sparks v. Sparks*, 677 S.W.3d 903, 906 (Mo. App. W.D. 2023); *J.H. v. A.B.*, 654 S.W.3d 130, 132 (Mo. App. W.D. 2022)). "Dismissal is particularly appropriate

3

where an appellant makes no effort to correct deficiencies in her amended brief, even after being put on notice of the errors." *Id.* (internal quotes and citations omitted).

Such is the case here. When Crawford's initial brief was struck, this court specifically identified the deficiencies in her brief and gave her an opportunity to file an amended brief to correct them or risk dismissal. Crawford filed an amended brief, but failed to adequately correct the errors, making only minor changes to the statement of facts and argument.

The statement of facts and argument sections of Crawford's amended brief continue to lack adequate references to the record as required by Rules 84.04(c) and (e).[1] The statement of facts and argument refer only to her appendix, which contains documents not part of the record on appeal, and to the legal argument in the motion to dismiss. "[T]he appendix is not part of the legal file or otherwise part of the record on appeal." *Callahan v. Precythe*, 577 S.W.3d 159, 162 (Mo. App. W.D. 2019) (internal quotes and citation omitted). Most factual assertions in her brief do not reference specific pages in the record on appeal. "An appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal." *Summers*, 689 S.W.3d at 576 (internal quotes and citation omitted). "It is not

---

[1] Rule 84.04(c) provides, in pertinent part, "All statements of fact shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Similarly, Rule 84.04(e) provides, in pertinent part, "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

the role of an appellate court to serve as an advocate for a litigant, and it has no duty to search the transcript or record to discover the facts that substantiate a point on appeal." *Id.* (internal quotes and citation omitted).

Furthermore, Crawford's points relied on still fail to comply with the requirements of Rule 84.04(d). Crawford's initial, struck brief set out six points relied on. Her amended brief raises four points relied—the first four points relied on from her struck brief with no changes. None comply with Rule 84.04(d)(1), which mandates that a point relied on shall "(A) [i]dentify the trial court ruling or action that appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Crawford's points relied on read:

> The Circuit Court erred in judgement on RSMo 58.451 because there is valid reason for an autopsy, either by the State or a private one. This is an act of negligence. Unattended, or any unusual or suspicious manner.(3) There is no statute of limitations because of this reason.(11)
>
> The Circuit Court erred in judgement on RSMo 193.315 by allowing a certified death certificate to be fraudulently filed by the Dept. of Vital Statistics by guessing at the cause of Mr. Saucier's death.
>
> The Circuit Court erred in judgement on RSMo 194.119 because the Right of Sepulchre was denied to Appellant for not allowing a private autopsy before cremation of Mr. Saucier's body. This statute has a 5 year limitation.
>
> The Circuit Court erred in judgement on RSMo 516.120 on the grounds of fraud because the Statute of Limitations is 5 years.

5

While the points somewhat identify a ruling to be challenged, they do not state concisely legal reasons for the claim of reversible error or explain in summary fashion why, in the context of the case, the legal reasons support the claim of reversible error. They do not follow the template set out in Rule 84.04(d)(1) for a point relied on where the appellate court reviews a decision of a trial court. The points relied on also do not include a list of cases or other authority upon which Crawford relies as required by Rule 84.04(d)(5).[2] This court is left to speculate what legal reasons Crawford relies upon in seeking reversal of the trial court's order/decree and how such legal reasons support her claims of reversible error. This we cannot do. "It is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 748 (Mo. App. W.D. 2023) (internal quotes and citation omitted). An appellate court's role is to review specifically challenged rulings, not to sift through the record to find potential, valid arguments. *Id.* The deficiencies of Crawford's points relied on are fatal to her points. *Minor*, 648 S.W.3d at 727; *Lexow*, 643 S.W.3d at 505.

Finally, Crawford's amended brief violates Rule 84.04(e) pertaining to arguments in a number of ways. The rule provides, in pertinent part:

> The argument shall substantially follow the order of "Points Relied On."
> The point relied on shall be restated at the beginning of the section of the
> argument discussing that point. The argument shall be limited to those

---

[2] Rule 84.04(d)(5) provides, "Immediately following each 'Point Relied On,' the appellant…shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies."

errors included in the "Points Relied On."  For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

Crawford does not restate her points relied on anywhere in the argument section, and her argument does not substantially follow the order of her points relied on.  Her argument is not limited to the claimed errors included in the points relied on, as it also includes official immunity claims not included in the points relied on.  "[C]laimed errors that are raised only in the argument portion of the brief but not contained in a point relied on are not preserved for [appellate] review." *Maxwell*, 671 S.W.3d at 751 (internal quotes and citation omitted).  The argument also does not contain a standard of review for each claim of error or a statement describing if and how the error was preserved for appellate review as required by Rule 84.04(e).  Finally, "[a]n argument must explain why, in the context of the case, the law supports the claim of reversible error.  It should advise the appellate court how principles of law and the facts of the case interact." *Maxwell*, 671 S.W.3d at 749 (internal quotes and citation omitted).  The argument section of Crawford's brief cites no legal authority other than the statutes of limitations, which she asserts (in conclusory fashion) are applicable.  Her arguments fail to clarify the grounds on which she claims reversible error or provide appropriate analytical support for them.

Crawford was warned of all of the deficiencies mentioned above but did nothing to correct them.  The appeal is dismissed for violations of Rule 84.04. *See Summers*, 689 S.W.3d at 577; *Sparks*, 677 S.W.3d at 907; *J.H.*, 654 S.W.3d at 133 (appeals dismissed

where appellants were warned of deficiencies in their brief and chose not to correct them).

**Conclusion**

The appeal is dismissed.

_Tom Chapman_
Thomas N. Chapman, Presiding Judge

All concur.